TERRELL, Justice.
Lloyd T. Everett, a registered land surveyor, was employed to survey a certain piece of land. He made two efforts to accomplish that for which he was employed and presented his client with a map or plat of his work. Account of alleged inaccuracies both maps were refused by the attorney employed to approve the title. Everett’s client forthwith “fired” him and he returned the slight with a bill for services. A complaint was lodged against him which resulted in a trial and conviction for malpractice, malfeasance, gross carelessness, ■and gross incompetency in the practice of land surveying.' His certificate of registration was revoked and Everett undertook to have that order reviewed in the Circuit ■Court by certiorari or in the alternative by writ of mandamus. Both writs were denied and the revocation order was affirmed. This appeal was prosecuted.
Several questions are urged for determination but the only one we feel impelled to answer is whether or not the évidence shows that Everett was guilty of malpractice, malfeasance, gross carelessness, and gross incompetence in the practice of land surveying. ■ . • ■
Malpractice imports criminal neglect or unprofessional conduct in the handling of professional matters. It may proceed from ignorance, carelessness, want of professional skill, disregard of established rules, or a malicious or criminal intent. Malfeasance imports violation of a public trust or guilt of some form of official wrong. Gross carelessness implies that which is unusual or culpable. It is not necessarily that which is criminal. It has to do with that which is wrong or reprehensible. Culpable implies fault rather than guilt and may not imply malice or guilty purpose. Gross incompetence imports a lack of diligence or competence with reference to discharging legal or professional obligations or duties.
An examination of the record discloses no suggestion of fraud, misrepresentation or criminal neglect of professional duty, violation of public trust or the doing of that which is reprehensible so as to fasten on Everett the charge of malpractice, malfeasance, gross carelessness, or gross incompetence. Among land surveyors and those experienced in land surveying, it is common knowledge that there are many inaccurate or imperfect surveys in this country. On account of the destruction of old landmarks such as stones, trees, streams, and other markers indicating corners and lines, the matter of locating them accurately is a matter of controversy even among the best surveyors. Many old surveys are said to have been made in camp rather than on the ground making it difficult for sur *904 veyors to resolve complexities they encounter. One should not have his registration cancelled for lack of ingenuity to resolve such complexities. We find no satisfactory or conclusive evidence to support the charges against defendant. The most it shows is that Everett was slow and halting and perhaps failed to produce a perfect or acceptable survey. There is no showing whatever that he was any less competent than when he was first certified as a surveyor. The charge here is predicated on a single, isolated attempt to locate some lines and corners, about which there was controversy. ,
Peremptorily cancelling one’s source o.f livelihood and taking the bread and butter out of- his mouth is a serious matter aside from the smut it smears on his good name and should not be done except on conclusive showing of some recognized ground for revocation of the permit. There are numerous findings touching inaccuracies in Everett’s maps, but we fail to find conclusive support for them. That is to say, such support as would warrant cancellation of his certificate to practice land surveying. They are rather in the field of controversy. Lack of what appellees may consider as proper degree of alertness absent fraud, criminal neglect or intentional wrong is not sufficient predicate for cancelling one’s certificate to practice land surveying.
The judgment appealed from is therefore reversed with directions to reinstate appellant’s certificate as land surveyor.
' It is so ordered.
ROBERTS, C. J., and THOMAS, HOB-SON, MATHEWS and DREW, JJ., concur.
SEBRING, J., dissents.